IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Amber Carney** <br> 36015 Purnell Crossing Road <br> Willards, Maryland 21874 <br><br> *On behalf of herself and others similarly situated* <br><br> **Plaintiff** <br><br> v. <br><br> **Sunset Grille, LLC** <br> 12933 Sunset Avenue <br> Ocean City, Maryland 21842 <br><br> **George Trala** <br> 12933 Sunset Avenue <br> Ocean City, Maryland 21842 <br><br> **Michael Rabidu** <br> 12933 Sunset Avenue <br> Ocean City, Maryland 21842 <br><br> **Darren Cummings** <br> 12933 Sunset Avenue <br> Ocean City, Maryland 21842 <br><br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____ <br> **JURY TRIAL REQUESTED** |

/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Amber Carney, on behalf of herself and others similarly situated, and through undersigned counsel, states a complaint against Defendants Sunset Grille, LLC, George Vincent Trala, Rolfe Gudelsky, and Darren Cummings, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and

requests a jury trial, as follows:

## Introduction

1. This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., LE Art. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., LE Art. § 3-501 *et seq.* Plaintiff brings this action on behalf of herself and all similarly situated tipped restaurant workers who have worked at the Ocean City, Maryland, "Sunset Grille" restaurant, which is owned, controlled and operated by the Defendants named herein.

2. Plaintiff seeks on behalf of herself and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Sunset Grille, LLC is a Maryland Limited Liability Corporation, and owns and operates Sunset Grille restaurant/bar ("Sunset Grille") in Ocean City, Maryland.

7. At all times material herein, Sunset Grille, LLC have together and separately had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant Sunset Grille, LLC employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are two or more employees of Sunset Grille, LLC who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

9. Sunset Grille, LLC has employees who cook, serve, and otherwise handle food and beverages that have moved in and crossed interstate and even international boundaries.

10. There are employees of Sunset Grille, LLC, such as the Plaintiff, who regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments.

11. There are employees of Sunset Grille, LLC who use cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

12. Accordingly, subject matter jurisdiction exists because Defendant Sunset Grille, LLC is an entity covered under the FLSA. Defendants also satisfy the coverage provisions of the MWHL. As a covered enterprise, Defendants have at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

13. Defendant George Trala was, at all material times, the operator and part owner of Sunset Grille, LLC. Defendant Trala supervises the administration of Sunset Grille, and maintains either direct or indirect control over the scheduling of employees for work, and has authority to hire and fire employees at the restaurant. Upon information and belief, Defendant Trala receives income and/or salary from Sunset Grille. Defendant Trala has, at all material times, been

actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Sunset Grille. Upon information and belief, Defendant Trala has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Trala was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Code Ann., LE § 3-401(b), and thus, Defendant Trala is jointly and individually liable for damages to the Plaintiff arising under the FLSA, the MWHL, and the MWCPL.

14. Defendant Michael Rabidu was, at all material times, the Head Chef/Kitchen Manager of Sunset Grille, LLC. Defendant Rabidu supervises the administration of Sunset, and maintains either direct or indirect control over the scheduling of "back of the house" employees for work, and has authority to hire and fire employees. Upon information and belief, Defendant Rabidu receives income and/or salary from Sunset Grille. Defendant Rabidu has, at all material times, been actively engaged in the management and direction of employees, including the Plaintiffs, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Sunset Grille, including the Plaintiffs. Upon information and belief, Defendant Rabidu has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Rabidu was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Code Ann., LE § 3-401(b), and thus, Defendant Rabidu is jointly and individually liable for damages to the Plaintiffs arising under the FLSA, the MWHL, and the MWCPL.

15. Defendant Darren Cummings was, at all material times, a manager of Sunset Grille, LLC. Defendant Cummings supervises the administration of Sunset Grille, and maintains either direct

or indirect control over the scheduling of employees for work, and has authority to hire and fire employees. Upon information and belief, Defendant Cummings receives income and/or salary from Sunset Grille. Defendant Cummings has, at all material times, been actively engaged in the management and direction of employees, including the Plaintiffs, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Sunset, including the Plaintiff. Upon information and belief, Defendant Cummings has custody and control of business records and is responsible for maintaining those records. At all times material herein, Defendant Cummings was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the MWHL, Md. Code Ann., LE § 3-401(b), and thus, Defendant Cummings is jointly and individually liable for damages to the Plaintiffs arising under the FLSA, the MWHL, and the MWCPL.

16. As further detailed below, Plaintiff Carney worked at the Sunset Grille restaurant. This work was performed during the relevant statute of limitations period (last three years).

17. As set forth below, Plaintiff seeks unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

18. Upon information and belief, there exists more than fifty (50) employees of Defendants at Sunset Grille who are similarly situated to Plaintiff, who have worked for Defendants in the last three years in tipped worker positions (bartenders, servers, bussers, barbacks, foodrunners), and who have not received minimum wages and/or overtime wages, including wages at the proper rate.

19. Plaintiff and other employees similarly situated, who received tipped income, were not

exempt under the MWHL and FLSA's minimum wage and overtime requirements.

20. By failing to pay the statutory minimum wage that was due to Plaintiff and other similarly situated server employees, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiff further alleges that the Defendants violated the minimum wage provisions of the MWHL. Additionally, by failing to pay overtime to Plaintiff and similarly situated hourly employees, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL. In addition to actual sums owed, Plaintiff seeks, on behalf of herself and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

### General Allegations

21. Plaintiff was employed by the Defendants at Sunset Grille restaurant within the three years preceding the filing of this lawsuit, early April 2014 through September 2015. For the entire time that Plaintiff worked for Defendants at Sunset Grille, Plaintiff performed manual work and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

22. The amount of time that restaurant servers would spend working on any particular shift would depend on where the restaurant server was assigned. For example, if assigned to "Teasers Bar" during the Summer, a restaurant server would not leave before midnight.

23. In March of 2015, Plaintiff would work four or five days per week, generally six (6) to (7) hours per shift.

24. In April of 2015, Plaintiff would work five to six shifts per week, generally six (6) to (7) hours per shift.

25. In May of 2015, Plaintiff three shifts from May 3rd through May 9th, for a total of no less than 18 hours, but from the 10th to the 30th of May, worked no less than 41 hours per week (five shifts per week ranging from 6 hours to 12 hours per shift).

26. From May 31, 2015 to June 6, 2015, Plaintiff worked five shifts for the week, totaling no less than 39 hours.

27. From June 7, 2015 to June 13, 2015, Plaintiff worked five shifts for the week, totaling no less than 35 hours.

28. From June 14, 2015 to June 20, 2015, Plaintiff worked four shifts for the week, totaling no less than 29 hours.

29. From June 21, 2015 to June 27, 2015, Plaintiff estimates that she worked five shifts, totaling less than 40 hours for the week.

30. From June 28, 2015 to July 4, 2015, Plaintiff worked six shifts for the week, totaling no less than 44 hours.

31. From July 5, 2015 to the July 11, 2015, Plaintiff worked five shifts for the week, totaling no less than 38 hours.

32. From July 12, 2015 to July 18, 2015, Plaintiff worked seven shifts for the week, totaling no less than 58 hours.

33. From July 19, 2015 to July 25, 2015, Plaintiff worked five shifts for the week, totaling no less than 34 hours.

34. From July 26, 2015 to August 1, 2015, Plaintiff worked five shifts for the week, totaling no less than 40 hours.

35. In the first half of August 2015, Plaintiff worked nearly every single day, from 10:00 am to midnight, due to business pressures from various summer fishing tournaments (e.g., White Marlin Open).

36. From August 16, 2015 to August 22, 2015, Plaintiff worked five shifts for the week, totaling no less than 38 hours.

37. From August 23, 2015 to August 29, 2015, Plaintiff worked at least forty hours that week.

38. From August 30, 2015 to September 5, 2015, Plaintiff worked three shifts totaling no less than 26 hours for the week.

39. From September 6, 2015 to September 12, 2015, Plaintiff worked four shifts totaling no less than 32 hours for the week.

40. From September 13, 2015 to September 19, 2015, Plaintiff worked five shifts totaling no less than 48 hours for the week.

41. From September 20, 2015 to September 26, 2015, Plaintiff worked a total of 22 hours for the week.

42. Plaintiffs, and others similarly situated, never received a pay stub from the Defendants. Rather, any monies were direct deposited into their bank accounts.

43. On a regular and repeated basis, Defendants maintained a payroll scheme that deliberately underreported the number of hours worked by tipped workers ("shaved hours" claim).

44. Defendants maintained this payroll scheme so as to avoid the payment of overtime to tipped employees.

45. Upon information and belief, Plaintiff worked in excess of forty (40) hours per week for which she was not paid for all of her overtime hours worked.

46. Defendants have violated the rights of the Plaintiff, and other similarly situated tipped employees, to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement).

47. Due to the Defendants failure to pay for all hours worked, Defendants did not pay the Plaintiff an hourly rate of at least $2.13/hour under the FLSA and $3.63/hour under the MWHL.

48. Additionally, Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiff and others similarly situated tipped employees, that among other things, tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiff (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art. § 3-413.

49. Defendants violated the 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 by failing to inform Plaintiff, and others similarly situated servers, that it was taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiffs (and other tipped workers) had the right to retain all tips except in a valid tip pooling arrangements, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b). Defendants also failed to allow Plaintiff, and those similarly situated, to retain all of their tips insofar as they maintained an invalid tip pooling arrangement.

50. As a result, Defendants owe the Plaintiff and other similarly situated tipped employees, an amount equal to at least $7.25/hour multiplied by the number of hours of actually worked.

51. Defendants further violated the FLSA and MWHL by failing to pay Plaintiff and other similarly situated tipped employees, overtime pay in proper amounts, when the Plaintiff and others similarly situated worked more than 40 hours in a statutory workweek.

## COUNT I
### (FLSA - Failure to Pay Minimum Wage)

52. Plaintiff incorporates paragraphs 1-51 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiff, and other similarly situated server employees, the proper minimum wage rate, free and clear of deductions and in a timely manner, by: (a) refusing and failing to inform Plaintiff and others similarly situated tipped employees about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) refusing and failing to pay Plaintiff and other similarly situated server employees for all hours actually worked; and otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

53. As a result, Plaintiff and other similarly situated hourly tipped employees who opt into this lawsuit, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Properly Pay Overtime)

54. Plaintiff incorporates paragraphs 1-53, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff and other tipped employees overtime compensation for all times that they worked in excess of forty (40) hours per week, and willfully failed to pay overtime compensation at a wage rate of at least one and a half (1 ½) times the

applicable minimum wage rate that Plaintiff and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

55. As a result of Defendants' actions complained of herein, Defendants willfully violated Section 207(a)(1) of the FLSA, because Defendants failed to compensate Plaintiff and other similarly situated server employees at a proper overtime rate after application of the so-called tip credit, for hours that Plaintiff and other similarly situated tipped employees worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the applicable minimum wage as required by Federal law and Federal regulations and that Plaintiff and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

56. As a result of Defendants' actions complained of herein, Plaintiff and other similarly situated tipped employees have failed to receive the overtime pay due to them, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL - Failure to Pay Minimum Wage)

57. Plaintiff incorporates paragraphs 1-56 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiff the proper minimum wage rate for all hours worked, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art. § 3-419.

58. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)

59. Plaintiff incorporates paragraphs 1-58 as set forth above, and states that Defendants'

actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate Plaintiff for all hours worked in excess of forty hours a work week at a rate of not less than one and a half (1 ½) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

60. Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiff at a proper overtime rate after application of the so-called tip credit, for hours worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the regular and applicable minimum wage as required by Maryland law.

61. As a result, Defendants owe Plaintiff overtime wages in the amount of one and a half (1 ½) times the then-applicable minimum wage established by Md. Ann. Code LE Art. § 3-413 (minimum wage), for all work weeks she worked in excess of forty hours per week, beginning July 1, 2015.

## COUNT V
### (MWPCL Act – Unpaid Wages)

62. Plaintiff incorporates paragraphs 1-61 as set forth above, and states that the actions of Defendants, in failing to inform the Plaintiff of the provisions of Md. Ann. Code LE art. § 3-419; alternatively, in executing a "shaved hours" scheme; and in failing to pay overtime wages when earned, including payment in proper amounts, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

63. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

64. That impliedly, by operation of law, Plaintiff was entitled to be paid statutory minimum wages and overtime wages by Defendants which have gone unpaid.

65. That there are no bona fide disputes between the parties as to the right of the Plaintiff to receive minimum wages or overtime wages consistent with the number of actual hours worked. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid in accordance with the minimum wage and overtime provisions of the MWHL in accordance with the number of actual hours worked. Defendants knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiff performed work as employees for which she was not properly compensated.

66. Defendants also knew or should have known that they were required under the MWPCL to report to the Plaintiff her gross earnings and deductions from those gross earnings, Md. LE Art. § 3-504(a)(2); and failed to do so as part of a scheme to cover up and cheat Plaintiff of her hard-earned wages by concealing an underpayment/hours shaving scheme.

67. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as tipped employees of Sunset Grille receiving

less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendants to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages owed Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), is entitled to such damages under MWPCL;

(d) Award Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), her attorneys' fees and costs in pursuing this action;

(e) Award Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiff

### Jury Demand

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman