

PLAINTIFF'S EXHIBIT 1

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into by and between Amber Carney ("Carney"), Gavin Arthur ("Arthur"), Katherine Banks ("Banks"), Zach Brook ("Brook"), Kelsie Riffey ("Riffey"), and Courtney Swisher ("Swisher") (collectively, the "Plaintiffs") and Sunset Grille, LLC ("Sunset Grille"), George Trala ("Trala"), Michael Rabidu ("Rabidu"), and Darren Cummings ("Cummings") (collectively, the "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiffs allege that they all worked as employees at Sunset Grille and Plaintiffs contended that they were owed unpaid minimum and overtime wages;

**WHEREAS**, Plaintiffs have pending against Defendants an action in the United States District Court for the District of Maryland, styled Amber Carney, et al. v. Sunset Grille, LLC, et al., Case No. 1:18-cv-00874-RDB (the "Lawsuit"), alleging unpaid minimum wages and overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS**, Defendants deny Plaintiffs' allegation, deny any wrongdoing, and maintain that Plaintiffs have been paid all wages due, and have denied any and all allegations of wrongdoing asserted by Plaintiffs;

**WHEREAS**, without admission of liability, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiffs' decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiffs, collectively and through their counsel, the total sum of Sixty Seven Thousand, Five Hundred Seventy Nine U.S. Dollars and 63/100 Cents ($67,579.63), to settle all claims involving Plaintiffs' Lawsuit, including but not limited to, claims for unpaid minimum wages and overtime wages, statutory/liquidated damages, and attorneys' fees and costs.

2. **PAYMENTS.** Defendants agree to pay the above settlement amount subject to the following terms and payable as follows:

    a. Within fifteen (15) days of approval of this Agreement by the U.S. District Court, Defendants shall pay the total gross sum of Twenty Six Thousand Eight Hundred Twenty Nine U.S. Dollars and 63/100 Cents ($26,827.63) divided amongst the Plaintiffs as follows:
        i. Carney: Seven Thousand Two Hundred Fifty U.S. Dollars and 60/100 Cents Exact ($7,250.60).
        ii. Arthur: Two Thousand Fifty Four U.S. Dollars and 84/100 Cents Exact

       ($2,054.84).

   iii. Banks: Six Thousand One Hundred Forty Five U.S. Dollars and 01/100 Cents Exact ($6,145.01).

   iv. Brook: Eight Hundred Fifty Eight U.S. Dollars and 76/100 Cents Exact ($858.76).

   v. Riffey: Three Hundred Forty Three U.S. Dollars and 62/100 Cents Exact ($343.62).

   vi. Swisher: Ten Thousand One Hundred Seventy Six U.S. Dollars and 80/100 Cents Exact ($10,176.80).

 b. Defendants further agree to pay Plaintiff Carney, the total sum of Three Thousand Five Hundred U.S. Dollars and 00/100 Cents ($3,500.00) as a service payment. Plaintiff Carney is lead Plaintiff is this Lawsuit, and this service payment is consideration for the additional time and labor she has put into the lawsuit.

 c. As additional consideration for Plaintiffs' execution of this Agreement, Defendants agree to pay Hoffman Employment Law, LLC, the total sum of Thirty Seven Thousand Two Hundred Fifty U.S. Dollars and 00/100 Cents ($37,250.00), in full settlement of all attorneys' fees, costs, and expenses arising out of this case (to include all those fees and costs and expenses incurred by counsel). The Parties stipulate the Plaintiffs' fees and expenses are fair and reasonable. The payment of attorneys' fees shall be made within fifteen (15) days after approval of this Agreement by the U.S. District Court. These payments of attorneys' fees shall be made payable to Plaintiffs' counsel, "Hoffman Employment Law, LLC" and delivered to Hoffman Employment Law, LLC at 600 Jefferson Plaza, Ste. 204, Rockville, Maryland 20852.

 d. Defendants agree that they will send each of the payments for Plaintiffs Carney, Arthur, Banks, Brook, and Swisher set forth in sub-paragraph 2(a), 2(b) and 2(c) so that they are received by Plaintiffs' counsel, Hoffman Employment Law, LLC, on or before the day in which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due).

  Defendants further agree that they will send the payments for Plaintiff Riffey set forth in sub-paragraph 2(a) so that they are received by Plaintiff Riffey on or before the day in which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due).

 e. Plaintiffs Carney, Arthur, Banks, Brook, and Swisher will receive two separate checks in equal amounts for their respective payments described in Section 2(a)(i)-(vi), which are the gross amounts to be paid. For tax

2

Settlement and Full and Final Release of Claims

purposes, 50% of each payment to each Plaintiff pursuant to paragraph 2(a) shall be treated as wages and 50% of such payment shall be treated as liquidated/statutory damages and interest. Plaintiffs Carney, Arthur, Banks, Brook, and Swisher shall receive two separate checks pursuant to that division of the payments. The portion treated as wages shall be paid subject to and reduced by all applicable employment taxes, including Federal, state and local income tax withholdings and employee shares of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The portion treated as liquidated damages and interest shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3.

Plaintiff Riffey will receive a transfer of funds through direct deposit/ACH transfer to a U.S. Bank account possessed and controlled by Plaintiff Riffey. The direct deposit will represent a payment treated as wages, and the ACH transfer will represent a payment treated as liquidated/statutory damages and interest. Each payment represents half the gross amount to be paid as described in Section 2(a)(v). The payment treated as wages shall be paid subject to and reduced by all applicable employment taxes, including Federal, state and local income tax withholdings and employee shares of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The payment treated as liquidated damages and interest shall be paid without any withholdings and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3.

Plaintiff Carney will receive an additional check for her service payment as described in Section 2(b). The service payment shall be treated as liquidated damages interest and shall be paid without any withholdings and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3.

Attorneys' fees and costs paid pursuant to this Settlement Agreement shall be paid without withholding and shall only be reported to the IRS under Hoffman Employment Law, LLC's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

f.  So that the Defendants may issue an IRS Forms W-2 and 1099 for 2019 reflecting all payments made under this Settlement Agreement, both Hoffman Employment Law, LLC and each of the Plaintiffs shall provide Defendants' counsel, Charles Kresslein, Esq., at the time that each Plaintiff executes this Settlement Agreement, an executed IRS Form W-4 and IRS Form W-9 which shall accurately provide their taxpayer identification numbers.

Settlement and Full and Final Release of Claims

3.  **TAX RESPONSIBILITY.** Plaintiffs agree that they shall be solely and entirely responsible for the payment and discharge of all federal, state and local income taxes, if any, which may at any time be found to be due upon or as a result of the payments described herein (though Sunset Grille shall withhold and remit employer obligations for FICA, Medicare, FUTA, SUTA or similar obligations on an employer for the W-2 wage payment as described in Paragraph (1 & 2)) and agree to indemnify, secure, and hold Sunset Grille harmless against any claim or liability for any non-employer tax obligations and any related penalties, fees, and/or interest, in the event any such taxes, penalties and/or interest be assessed by the IRS and/or any other state or local taxing authority. Included among Plaintiffs' indemnification obligations is any challenge or adverse ruling respecting the settlement payment under this Agreement as being allocated exclusively to alleged sexual harassment or abuse pursuant to Section 13307 of the Tax Cuts and Jobs Act of 2017. Plaintiffs also agree to cooperate with Sunset Grille in the event of a tax audit involving the payments under this Agreement. If any governmental or taxing authority disagrees with how the payment is allocated, said allocation shall not void any other provision of this Agreement or the general release of claims. Sunset Grille shall timely provide Plaintiffs an IRS Form W-2 and IRS Form 1099 representing payments made to Plaintiff and proof of same shall be provided to Plaintiffs' counsel upon reasonable notice.

4.  **ADMISSION**: Plaintiffs agree that Defendants have paid all sums earned by and owed to them, including, but not limited to, all salary, tips, bonuses, wages (*including minimum wages*), overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites as a result of their alleged employment with Defendants, and further acknowledge that the payments under Section 2 are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants. Plaintiffs also expressly waive any right or claim that they may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

5.  **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE**   Upon full execution of this Agreement, Plaintiffs' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and dismiss this case with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit. The parties agree that they will cooperate fully and take any steps necessary in seeking the necessary Court's approval of this Agreement. In the event that the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the parties and the Court.

4

Settlement and Full and Final Release of Claims

6. **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs and Plaintiffs' counsel by Defendants, Plaintiffs, for themselves, and for their respective attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge the Defendants, including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, owners, directors, supervisors, members (including but not limited to Trala, Rabidu and Cummings), agents, representatives, attorneys, insurers, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged failures to pay wages (including the minimum wage) and failures to pay overtime brought under: the Fair Labor Standards Act; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting the non-payment of wages and overtime, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

b. Plaintiffs expressly waive any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c. Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

d. Plaintiffs acknowledge that while they are waiving a broad range of claims, they have not asserted and do not assert any claims of sexual harassment or abuse; consequently, no portion of the settlement agreement referenced herein relates to such conduct.

7. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Full and Final Release obligation (¶ 6), is intended to, or will, preclude Plaintiffs from filing any charge or

5

Settlement and Full and Final Release of Claims

complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiffs agree and acknowledge that they are waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiffs are entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding their alleged employment with the Defendants and/or the termination of that relationship.

**8. NO OTHER CLAIMS.** Plaintiffs represent and warrant that Plaintiffs have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court or any administrative body other than the Lawsuit, and except as stated in Section 7 above, Plaintiffs hereby promise that Plaintiffs will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of themselves or others, at any time for actions taken up to and including the date Plaintiffs execute this Agreement. Plaintiffs waive all collective and/or class allegations, and if filed, agree to dismiss same with prejudice, and neither Plaintiffs, nor any of their attorneys, shall amend this Lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

**9. NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiffs and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

**10. NO FUTURE EMPLOYMENT/RE-EMPLOYMENT**: Plaintiffs agree and recognize that their employment with Sunset Grille remains terminated and that Sunset Grille does not have any contractual or other obligation to rehire, reemploy, or hire or employ them in the future, and Plaintiffs agree not to seek reemployment or employment with Sunset Grille. In response to any reference inquiries from prospective employers of Plaintiffs, the Defendants agree to only provide to prospective employers a neutral reference (*i.e.*, the dates of employment and the position held).

**11. GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Baltimore County,

Maryland, and the venue shall be within Baltimore County, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraph 2, which may be enforced in the United States District Court for the District of Maryland subject to the continuing jurisdiction of the United States District Court for the District of Maryland, as provided in paragraph 16, below.

**12. SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties pertaining to the subject matter hereof. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

**13. NO OTHER PROMISES.** Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

**14. RIGHT TO REPRESENTATION.** Plaintiffs, in receiving a copy of this Agreement, acknowledge that they have been advised in writing to seek the advice of their attorney before signing this Agreement, they have had adequate opportunity to so consult and have so consulted.

**15. LEGALLY BINDING AGREEMENT.** Plaintiffs understand and acknowledge that upon Court approval of this Agreement (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraph 5 and Paragraph 6 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiffs, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

**16. CONTINUING JURISDICTION.** The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants

**17. CONSTRUCTION.** This Agreement shall not be construed against the party preparing it but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

18. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

19. **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

20. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission (including such electronic signing software such as "Docusign"®") and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

***PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.***

**[SIGNATURES TO FOLLOW ON THE NEXT PAGE]**

| Date: 5/5/2019 | *DocuSigned by:*<br>*[signature]*<br>86548D92CC4C45C...<br>Amber Carney |
|---|---|
| Date: | _____<br>Gavin Arthur |
| Date: | _____<br>Katherine Banks |
| Date: | _____<br>Zach Brook |
| Date: | _____<br>Kelsie Riffey |
| Date: | _____<br>Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br><br>By: _____<br>    Name: George Trala<br>    Title: Member |
| Date: | By: _____<br>    Name: Michael Rabidu<br>    Title: Head Chef/Kitchen Manage |
| Date: | By: _____<br>    Name: Darren Cummings<br>    Title: Manager |

9

Settlement and Full and Final Release of Claims

| Date: | Amber Carney |
|---|---|
| Date: 5/5/2019 | *DocuSigned by:* Gavin Arthur |
| Date: | Katherine Banks |
| Date: | Zach Brook |
| Date: | Kelsie Riffey |
| Date: | Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br>By:<br>Name: George Trala<br>Title: Member |
| Date: | By:<br>Name: Michael Rabidu<br>Title: Head Chef/Kitchen Manage |
| Date: | By:<br>Name: Darren Cummings<br>Title: Manager |

9

Settlement and Full and Final Release of Claims


| Date: | |
|---|---|
| | Amber Carney |
| Date: | |
| | Gavin Arthur |
| Date: 5/4/2019 | *[DocuSigned by: K Bw / 57935BE61563449]* <br> Katherine Banks |
| Date: | |
| | Zach Brook |
| Date: | |
| | Kelsie Riffey |
| Date: | |
| | Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually <br> By: _____ <br> Name: George Trala <br> Title: Member |
| Date: | By: _____ <br> Name: Michael Rabidu <br> Title: Head Chef/Kitchen Manage |
| Date: | By: _____ <br> Name: Darren Cummings <br> Title: Manager |

9

Settlement and Full and Final Release of Claims

| | |
|---|---|
| Date: | _____<br>Amber Carney |
| Date: | _____<br>Gavin Arthur |
| Date: | _____<br>Katherine Banks |
| Date: 5/4/2019 | DocuSigned by:<br>*[signature]*<br>16FC78B01FFE463...<br>Zach Brook |
| Date: | _____<br>Kelsie Riffey |
| Date: | _____<br>Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br>By: _____<br>Name: George Trala<br>Title: Member |
| Date: | By: _____<br>Name: Michael Rabidu<br>Title: Head Chef/Kitchen Manage |
| Date: | By: _____<br>Name: Darren Cummings<br>Title: Manager |

| Date: | |
| --- | --- |
| | Amber Carney |
| Date: | |
| | Gavin Arthur |
| Date: | |
| | Katherine Banks |
| Date: | |
| | Zach Brook |
| Date: 5/7/2019 | DocuSigned by: *[signature]* 0D8FCAE1FB1247E... Kelsie Riffey |
| Date: | |
| | Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br>By: _____<br>Name: George Trala<br>Title: Member |
| Date: | By: _____<br>Name: Michael Rabidu<br>Title: Head Chef/Kitchen Manage |
| Date: | By: _____<br>Name: Darren Cummings<br>Title: Manager |

9

Settlement and Full and Final Release of Claims

| Date: | |
|---|---|
| | Amber Carney |

| Date: | |
|---|---|
| | Gavin Arthur |

| Date: | |
|---|---|
| | Katherine Banks |

| Date: | |
|---|---|
| | Zach Brook |

| Date: | |
|---|---|
| | Kelsie Riffey |

| Date: 5/6/2019 | *Courtney Swisher* (DocuSigned by: 4AE7E5277A24453...) <br> Courtney Swisher |
|---|---|

| | For: Sunset Grille, LLC., and himself, individually |
|---|---|
| Date: | By: _____ <br> Name: George Trala <br> Title: Member |

| Date: | By: _____ <br> Name: Michael Rabidu <br> Title: Head Chef/Kitchen Manage |
|---|---|

| Date: | By: _____ <br> Name: Darren Cummings <br> Title: Manager |
|---|---|

9

Settlement and Full and Final Release of Claims

| Date: | |
| --- | --- |
| | Amber Carney |
| Date: | |
| | Gavin Arthur |
| Date: | |
| | Katherine Banks |
| Date: | |
| | Zach Brook |
| Date: | |
| | Kelsie Riffey |
| Date: | |
| | Courtney Swisher |
| Date: 5/7/19 | For: Sunset Grille, LLC., and himself, individually<br>By: _____<br>Name: George Trala<br>Title: Member |
| Date: | By: _____<br>Name: Michael Rabidu<br>Title: Head Chef/Kitchen Manage |
| Date: | By: _____<br>Name: Darren Cummings<br>Title: Manager |

Settlement and Full and Final Release of Claims

9

| Date: | |
| --- | --- |
| | Amber Carney |
| Date: | |
| | Gavin Arthur |
| Date: | |
| | Katherine Banks |
| Date: | |
| | Zach Brook |
| Date: | |
| | Kelsie Riffey |
| Date: | |
| | Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br>By: _____<br>Name: George Trala<br>Title: Member |
| Date: 5/6/2019 | By: _[signature]_<br>Name: Michael Rabidu<br>Title: Head Chef/Kitchen Manage |
| Date: | By: _____<br>Name: Darren Cummings<br>Title: Manager |

Settlement and Full and Final Release of Claims      9

| Date: | _____<br>Amber Carney |
|---|---|
| Date: | _____<br>Gavin Arthur |
| Date: | _____<br>Katherine Banks |
| Date: | _____<br>Zach Brook |
| Date: | _____<br>Kelsie Riffey |
| Date: | _____<br>Courtney Swisher |
| Date: | For: Sunset Grille, LLC., and himself, individually<br><br>By: _____<br>     Name: George Trala<br>     Title: Member |
| Date: | By: _____<br>     Name: Michael Rabidu<br>     Title: Head Chef/Kitchen Manage |
| Date:<br>5-6-19 | By: /s/ *Darren Cummings*<br>     Name: Darren Cummings<br>     Title: Manager |

Settlement and Full and Final Release of Claims    9

Scanned with CamScanner